IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VICKY YARGER,<br>Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br>Defendant. | **8:24CV0438**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff claims in this Social Security appeal that the Commissioner's decision to deny her benefits under the Social Security Act is contrary to law and not supported by substantial evidence. (Filing No. 1.) Having considered all arguments and materials presented, and for the reasons explained below, the Commissioner's decision will be affirmed.

**BACKGROUND**

On January 10, 2022, Plaintiff filed applications for disability insurance benefits and supplemental security income alleging a disability onset date of March 1, 2021. (Filing No. 15-5 at 7, 9.) Plaintiff's application was denied initially and on reconsideration. (Filing No. 15-4 at 8, 20.) Plaintiff thereafter filed a request for an administrative hearing, and an administrative hearing was held before an administrative law judge ("ALJ") on October 3, 2023. (Filing No. 15-2 at 71.)

On November 9, 2023, the ALJ issued an unfavorable decision finding Plaintiff was not disabled under the Social Security Act. (Filing No. 15-2 at 9.) In the decision, the ALJ evaluated Plaintiff's claim by following the five-step sequential analysis prescribed by the Social Security

Regulations.[1] The ALJ found Plaintiff had the severe impairments of a history of right rotator cuff tear and adhesive capsulitis of the right shoulder with two surgeries; cervical and lumbar spine disorders; and obesity. (Filing No. 15-2 at 15.) The decision further found that hypothyroidism and reflux esophagitis were non-severe impairments and that depression was not a medically determinable impairment. *Id.*

The ALJ formulated Plaintiff's residual functional capacity ("RFC")[2] as follows:

> [Plaintiff] has the residual functional capacity to perform light work…except she can handle, finger, and feel no more than frequently. She can perform no more than occasional overhead reaching with her right upper extremity. She should avoid concentrated exposure to extreme cold, extreme heat, vibration, and hazards.

(Filing No. 15-2 at 16.) Based on this RFC, the ALJ found Plaintiff could perform her past relevant work as a social service aide because the work does not require the performance of work-related activities precluded by the Plaintiff's residual functional capacity. (Filing No. 15-2 at 20.) Consequently, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (Filing No. 15-2 at 21.) Accordingly, Plaintiff's request for benefits was denied.

Plaintiff requested review of the ALJ's decision by the Appeals Council, which was denied on September 12, 2024. (Filing No. 15-2 at 2.) Plaintiff now seeks judicial review pursuant to 42 U.S.C. § 405(g).

**ANALYSIS**

---

[1] The Social Security Administration uses a five-step process to determine whether a claimant is disabled.

> At the first step, the claimant must establish that he has not engaged in substantial gainful activity. The second step requires that the claimant prove he has a severe impairment that significantly limits his physical or mental ability to perform basic work activities. If, at the third step, the claimant shows that his impairment meets or equals a presumptively disabling impairment listed in the regulations, the analysis stops and the claimant is automatically found disabled and is entitled to benefits. If the claimant cannot carry this burden, however, step four requires that the claimant prove he lacks the RFC to perform his past relevant work. Finally, if the claimant establishes that he cannot perform his past relevant work, the burden shifts to the Commissioner at the fifth step to prove that there are other jobs in the national economy that the claimant can perform.

*Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *see* 20 C.F.R. § 416.920.

[2] "RFC" is what a claimant "is able to do despite limitations caused by all of the claimant's impairments." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000) (citation omitted).

A denial of benefits by the Commissioner is reviewed to determine whether the ALJ made a legal error and whether the decision is supported by substantial evidence on the record as a whole. *See Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015); *Hogan v. Apfel*, 239 F.3d 958, 960 (8th Cir. 2001).

"Substantial evidence" is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *Id.* at 960-61. Evidence that both supports and detracts from the Commissioner's decision must be considered, but the decision may not be reversed merely because substantial evidence supports a contrary outcome. *Moad v. Massanari*, 260 F.3d 887, 890 (8th Cir. 2001). The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). If there is substantial evidence on the record as a whole, a court must "affirm the administrative decision, even if the record could also have supported an opposite decision." *Weikert v. Sullivan*, 977 F.2d 1249, 1252 (8th Cir. 1992) (internal quotation marks and citation omitted).[3]

On appeal, Plaintiff argues (1) the ALJ's RFC assessment is not supported by substantial evidence because the ALJ mischaracterized the objective evidence pertaining to her right shoulder impairment; (2) the ALJ improperly evaluated Plaintiff's subjective symptoms by requiring her to produce objective evidence to prove her pain level and not considering non-medical evidence in evaluating her testimony; and (3) the ALJ failed to properly consider a third-party statement. For the reasons explained below, the Court finds Plaintiff's arguments unpersuasive.

**1. RFC Assessment**

Plaintiff claims that the RFC assessment is not supported by substantial evidence because the ALJ mischaracterized the objective evidence and failed to account for Plaintiff's right shoulder limitations. The Court disagrees.

In determining a claimant's RFC, the ALJ must examine "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of her limitations." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022)

[3] Whether deference in this context survives the effects of *Loper Bright Enterprises v. Raimondo* remains an open question. See generally 603 U.S. 369 (2024). Until overruled, this court remains bound by its circuit's precedent. *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003).

(quotation omitted). "Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved for the Commissioner." *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). The ALJ found Plaintiff's severe medical impairments included: a history of right rotator cuff tear and adhesive capsulitis of the right shoulder, for which she has undergone two surgeries; cervical and lumbar spine disorders; and obesity. (Filing No. 15-2 at 15.) The ALJ's RFC formulation limited Plaintiff to a range of light work with no more than occasional overhead reaching with her right upper extremity. (Filing No. 15-2 at 16.) The ALJ properly considered the evidence of record in formulating her RFC.

The ALJ's order discussed Plaintiff's medical records in detail, including observations of treating physicians. In particular, the order addressed Plaintiff's history of treatment for her right shoulder impairment. (Filing No. 15-2 at 17.) As noted by the ALJ, the record shows that Plaintiff's orthopedic surgeon, Dr. Samuel Dubrow, reviewed an MRI of Plaintiff's right shoulder from March 18, 2020, which revealed focal full-thickness tear of the supraspinatus tendon. (Filing No. 16-1 at 84.) A few months later, on June 3, 2020, Plaintiff underwent arthroscopic rotator cuff repair, debridement, subacromial decompression, and biceps tenotomy. (Filing No. 16-1 at 90.) Imaging of Plaintiff's shoulder indicated her rotator cuff had healed from surgery, but she had developed adhesive capsulitis. (Filing No. 16-1 at 97.) However, Plaintiff's adhesive capsulitis was addressed with manipulation under anesthesia on February 24, 2021, as authorized by Dr. Dubrow. (Filing No. 16-1 at 111.) This treatment was followed by course of physical therapy and follow-up visits with Dr. Dubrow. (Filing No. 15-2 at 18, 16-1 at 107.) By March 2021, Plaintiff had reported her pain as "stable," and indicated she was satisfied with her treatment regime. (Filing No. 15-2 at 18, 16-1 at 201.)

The ALJ explained that Dr. Dubrow's opinion was partially persuasive because it did not match the severe limitations imposed. It was persuasive based on support from the claimant's statements and his findings and assessments soon after he determined there was no further treatment he could provide. At that time, he issued near-complete restrictions on the use of the right upper extremity before much of the treatment that is now in the record. The ALJ found that the evidence did not support the extreme limitations he had endorsed.

The ALJ also noted that diagnostic and imaging studies regarding the right upper limb were not entirely consistent with the claimant's statements as to the intensity, persistence, and limiting effects of her symptoms. The ALJ noted that electromyography/nerve conduction studies performed on May 17, 2021 of the right upper extremity did not show abnormalities. (Filing No. 15-2; Filing No. 16-1 at 513, 516-17.) According to the records, there was "[n]o evidence of any focal neuropathy, brachial plexopathy, or cervical radiculopathy in the right upper limb." (Filing No. 16 at 513.) With regards to Plaintiff's cervical and lumbar spine disorders, the ALJ also considered diagnostic evidence, including imaging. However, the ALJ noted that Plaintiff had not voiced complaints associated with her spine to her medical providers until after an invalid functional capacity evaluation for her right shoulder as part of her workers' compensation claim.

The ALJ also relied on findings from physical examinations, including an exam in May 2021 performed along with the normal electromyography/nerve conduction studies. (Filing No. 15-2 at 17; Filing No. 16-1 at 139.) Plaintiff's neurosurgeon, Dr. Wendy Spangler, reported good strength in the upper extremities, and Plaintiff demonstrated an ability to raise her right shoulder to shoulder height. (Filing No. 15-2 at 18; Filing No. 16-1 at 143.)

In addition to the records of her treating physicians and state consultants, the ALJ considered Plaintiff's own description of her limitations in reaching the RFC determination. The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause some but not all of the alleged symptoms and severity. In other words, the ALJ concluded that Plaintiff's allegations of disabling limitations were not fully supported by, or consistent with, the other evidence. In contrast, the ALJ found the assessments of State agency medical consultants persuasive because the consultants provided ample explanation and discussion of relevant evidence, with specific references to impairments and findings that support their conclusions. (Filing No. 15-2 at 19; Filing No. 15-3 at 7, 15, 25, 35.)

In so making these credibility determinations, the ALJ noted evidence of Plaintiff's symptom exaggeration during a functional capacity evaluation performed in late April 2021. (Filing No. 15-2 at 18.) The evaluator found the results were invalid due to Plaintiff's inconsistent performance and submaximal effort. For example, Plaintiff demonstrated pain behaviors with forward reaching but normal movement patterns with distraction. (Filing No. 15-2 at 18; Filing

No. 16-1 at 122-24.) Her grip strength values were inconsistent during repeated trials. (Filing No. 16 at 496.) The evaluator further concluded that Plaintiff "appears safe to function at higher levels than she demonstrated during this exam." (Filing No. 16-1 at 496.) The ALJ's consideration of this finding was appropriate as evidence of symptom exaggeration is a recognized basis to discount a claimant's credibility as to subjective complaints of limitations. *See* *Grable v. Colvin*, 770 F.3d 1196, 1202 (8th Cir. 2014); *Baker v. Barnhart*, 457 F.3d 882 (8th Cir. 2006).

In short, the evidentiary record shows the ALJ properly considered all the relevant evidence, including the medical records, observations of physicians, and Plaintiff's description of her own limitations, in assessing Plaintiff's RFC. The ALJ accounted for Plaintiff's right shoulder limitations and symptoms to the extent they were consistent with and supported by the record. Therefore, the Court finds Plaintiff's assertion that the ALJ's RFC determination deficient without merit.

**2. Subjective Complaints**

Plaintiff next contends that the ALJ improperly discredited her subjective complaints of pain due to the lack of objective evidence and did not consider non-medical evidence in evaluating the truthfulness of her testimony concerning the extent of her limitations. While "an ALJ may not disregard subjective pain allegations solely because they are not fully supported by objective medical evidence, an ALJ is entitled to make a factual determination that a Claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Ramirez v. Barnhart*, 292 F.3d 576, 581 (8th Cir.2002) (internal citation omitted). *See also* *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) ("Another factor to be considered is the absence of objective medical evidence to support the complaints, although the ALJ may not discount a claimant's subjective complaints solely because they are unsupported by objective medical evidence.") Here, the ALJ determined that Plaintiff's impairments could reasonably be expected to cause some of Plaintiff's symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Filing No. 15-2 at 17.) In other words, the ALJ concluded that Plaintiff's condition created some "impairments that are considered severe," but not to the extent claimed by the Plaintiff. (Filing No. 15-2 at 16.)

The credibility of a claimant's subjective complaints and other symptoms "is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). *See also* *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) ("[W]e will not substitute our opinions for that of the ALJ, who is in a better position to assess a claimant's credibility."). Courts "do not reweigh the evidence presented to the ALJ," and must "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006) (internal quotation and citation omitted); See *Dols v. Saul*, 931 F.3d 741, 746 (8th Cir. 2019).

"To assess [a claimant's] credibility, the ALJ [must] consider all of the evidence, including prior work records and observations by third parties and doctors regarding daily activities, the duration, frequency, and intensity of pain, precipitating and aggravating factors, the dosage, effectiveness, and side effects of medication, and functional restrictions." *Lowe v. Apfel*, 226 F.3d 969, 971–72 (8th Cir. 2000) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). *See* 20 C.F.R. § 404.1529; 20 C.F.R. § 416.929. Although "an ALJ may not discount a claimant's allegations of disabling pain solely because the objective medical evidence does not fully support them," the ALJ may find that these allegations are not credible "if there are inconsistencies in the evidence as a whole." *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) (internal quotations and citations omitted); *See* *Halley v. Kijakazi*, No. 22-1934, 2023 WL 3515084 (8th Cir. May 18, 2023); *Polaski v. Heckler*, 739 F.2d at 1322.

In this case, the ALJ concluded Plaintiff's allegations of disabling limitations were not fully supported by, or consistent with, the evidence. As described in more detail above, medical treatment records indicate the electromyography/nerve conduction studies of her right upper extremity failed to reveal abnormalities. (Filing No. 15-2 at 17, 16-1 at 139.) Plaintiff's adhesive capsulitis was addressed with manipulation under anesthesia, followed by a course of physical therapy. (Filing No. 15-2 at 18, 16-1 at 106.) Afterwards, Plaintiff reported she was "doing well" and was satisfied with her current treatment regime. (Filing No. 15-2 at 18, Filing No. 16-1 at 108, 201.) "If an impairment can be controlled by treatment or medication, it cannot be considered disabling." *Hensley v. Colvin*, 829 F.3d 926, 933–34 (8th Cir. 2016) (quotation omitted). Additionally, there is evidence of symptom exaggeration during a functional capacity evaluation

and the evaluator found that the results were invalid due to inconsistent performance and submaximal effort. (Filing No. 15-2 at 18, Filing No. 16-1 at 122-24.)

The ALJ also considered Plaintiff's daily activities. Plaintiff indicated she was able to carry out household chores, such as cleaning, by taking breaks to rest for fifteen to twenty minutes. (Filing No. 15-2 at 17.) Plaintiff also reported she was able to walk down four houses from her home and back before her pain became severe. (Filing No. 15-2 at 17.) Therefore, the Court finds the ALJ properly considered and discussed Plaintiff's subjective complaints in making her disability determination.

An ALJ's credibility finding will be upheld so long as it is adequately explained and supported. *Choate v. Barnhart*, 457 F.3d 865, 871 (8th Cir. 2006). The Court finds that, on the evidence presented, the ALJ did not err in his credibility evaluation and assessment of the severity and persistence of Plaintiff's subjective complaints and limitations. The determination is supported by substantial evidence on the record. Therefore, the Commissioner's decision will be affirmed.

### 3. Third-Party Statement

Plaintiff claims the ALJ failed to properly consider a third-party statement by the Plaintiff's daughter. The Court disagrees that the ALJ improperly considered this nonmedical source.

The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians "relating to such matters as: [1] the claimant's daily activities; [2] the duration, frequency and intensity of the pain; [3] precipitating and aggravating factors; [4] dosage, effectiveness and side effects of medication; [and] [5] functional restrictions." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). However, for claims filed after March 27, 2017, including this one, the ALJ is not required to articulate how she considered evidence from non-medical sources. 20 C.F.R. §§ 404.1520c(d), 416.920(d). A non-medical source is defined as anyone who is not a medical source. See 20 C.F.R. §§ 404.1502(e), 416.902(e).

The ALJ considered the statement provided by Plaintiff's daughter in a written third-party function report from May 2022. (Filing No. 15-2 at 20, Filing No. 15-6 at 39.) Plaintiff's daughter

described Plaintiff's restricted range of activities, noting she sits in a recliner chair watching television for most of the day. (Filing No. 15-6 at 40.) She reported that Plaintiff can prepare simple meals, such as sandwiches or microwaveable food, and does basic household chores but often needs help. (Filing No. 15-6 at 41.) The ALJ stated that, for considering evidence from nonmedical sources, it would be appropriate to consider factors such as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence. (Filing No. 15-2 at 20.)

Here, the ALJ noted Plaintiff's daughter is not medically trained to make exacting observations and by virtue of her relationship with Plaintiff, cannot be considered a strictly disinterested third-party witness. (Filing No. 15-2 at 20.) Moreover, the ALJ already properly considered the overall record and discussed several factors in finding Plaintiff's allegations of disabling pain and limitation not fully supported. (Filing No. 15-2 at 16-20.) Therefore, the Court finds the ALJ properly considered the third-party statement from Plaintiff's daughter.

Plaintiff also argues that the ALJ misidentifies the third-party witness, by, several times referring to Plaintiff's daughter as her "spouse." The decision also refers to the daughter as "he" in several places. (Filing No. 15-2 at 19). However, "a deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case[4]." *Sloan v. Saul*, 933 F.3d 946, 951 (8th Cir. 2019) (quoting *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999)). Although the ALJ made some factual misstatements in his decision, these errors would be harmless in light of the substantial evidence on the record. The testimony of the daughter was acknowledged and cited in the decision, but nonetheless, the ALJ determined that Plaintiff's allegations of disabling pain and limitation were not fully supported based on the overall record.

## CONCLUSION

For the reasons stated, and after careful consideration of the administrative record with respect to each argument presented in Plaintiff's brief, the Court finds that the Commissioner's decision is supported by substantial evidence on the record as a whole and is not contrary to law.

[4] The ALJ's findings referring to the relationship of the "spouse" would also apply to an immediate family member such as Plaintiff's daughter.

Accordingly,

**IT IS ORDERED**:

1. Plaintiff's request to reverse the Commissioner's decision (Filing No. 1) is denied.
2. The Motion to Affirm Commissioner's Decision (Filing No. 22) is granted.
3. Judgment will be entered by separate document providing that the decision of the Commissioner is affirmed.

Dated this 25th of September, 2026.

BY THE COURT:

Susan M. Bazis
Susan M. Bazis
United States District Judge